### TROY et al. v. HAKIN BROS.–KASSAR CO., Inc.

### No. 7279.

District Court, E. D. New York.

Nov. 22, 1934.

Warfield & Brown, of New York City (Donald L. Brown, of New York City, and William J. Graham, of Washington, D. C., of counsel), for plaintiffs.

Morris Grossman, of New York City, for defendant.

GALSTON, District Judge.

This is a design patent infringement suit in which infringement is alleged of design patent No. 84,664. This patent was issued the 14th day of July, 1931, to Seymour Troy for a new and ornamental design for a woman's shoe.

The defendant relies wholly upon its own prior use. Lanzillotti, a shoe designer, employed by Hakin Bros.-Kassar Company, Inc., the defendant, from 1923 to 1929, testified that during that time he designed all the shoes for that company. He identified Defendant's Exhibit A as a shoe which he had designed prior to 1929. He cut the pattern of the shoe. Apparently only a small quantity of this type of shoe was made—eight or nine pairs. The model number stamped in the shoe is 104.

Morabito, a shoe cutter, who was employed by the defendant, also identified this exhibit and said that he started cutting the design in 1928. His duties as a cutter were limited to cutting sandals.

Grossman, a salesman employed by the defendant prior to 1929, said that he sold sandals similar to Defendant's Exhibit A in November, 1928, to Bonwit-Teller of Philadelphia. He had taken orders for this type of sandal, perhaps six or seven orders in all, aggregating about forty pairs of sandals. Some were to Bonwit-Teller, a pair for a Madam Marie, one for Weber, and for some special customers. Of the forty pairs, thirty-seven went to stores, and three pairs to individuals.

Kassar testified that he found Exhibit A in June, 1934, in his factory among a lot of discarded samples.

The order book contained references to sales of model No. 104 in November, 1928, to the French Bootery of San Antonio, to Bonwit-Teller of Philadelphia, and to Garfinkel of Washington, D. C. The order of Bonwit-Teller for one pair was entered on November 7th, for one pair on November 13th to Garfinkel, and for one pair on December 10th to Madam Marie; for twelve pairs to three stores of the French Bootery in San Antonio, Houston, and Dallas, in February, 1929.

This proof, however, is not altogether clear and convincing that there was an actual prior use of Defendant's Exhibit A or of similar shoes.

Among the deficiencies in proof, the following may be enumerated:

Though Lanzillotti testified that at the time that he designed the shoe he made sketches of it "in a black book," the book was not produced. Then there was some uncertainty about how the shoe was first made. The pattern which Lanzillotti had cut was turned over to a workman, and, after the workman had made the shoe, corrections had to be made. The quarter was changed. "We did not produce it exactly the same at first," said Lanzillotti. Lanzillotti's testimony is based on pure memory.

Moreover, though an order book was produced, there is no evidence of any delivery to the customers. No customer was called to corroborate any of the testimony given by the employees or former employees of the defendant. Such corroboration given by independent disinterested witnesses would have great persuasive value. See Franc-Strohmenger & Cowan, Inc., v. Arthur Siegman, Inc. (D. C.) 25 F.(2d) 108; Mead-Morrison Mfg. Co. v. Hauck Mfg. Co. (D. C.) 10 F.(2d) 834; Ideal Jewelry Co. v. Payton (D. C.) 300 F. 422.

The witness Morabito was not at all convincing, and the witness Grossman seemed to rationalize.

As to Defendant's Exhibit A itself, there was no testimony offered by the person who marked the shoe nor indeed as to when it was marked with the number "104."

It may also be observed that the alleged infringing devices made by the defendant, as compared with the alleged prior use, was termed by defendant's witness Kassar to be a different style.

I conclude then that, under the well-known tests in respect to the quality of testimony that must be adduced to establish prior uses, the defendant has failed. The Barbed Wire Patent, 143 U. S. 275, 12 S. Ct. 443, 36 L. Ed. 154; Eibel Process Co. v. Minnesota & Ontario Paper Co., 261 U. S. 45, 43 S. Ct. 322, 67 L. Ed. 523; Deering v. Winona Harvester Works, 155 U. S. 286, 15 S. Ct. 118, 39 L. Ed. 153; Block v. Nathan Anklet Support Co., Inc. (C. C. A.) 9 F.(2d) 311.

If this opinion is not in sufficient compliance with the rule requiring findings of fact and conclusions of law, submit findings of fact and conclusions of law in accordance therewith.